## RUBENS v. MEAD.

### L. A. No. 337; May 31, 1898.

#### 53 Pac. 432.

· **Broker.**—A Broker Who Fraudulently Represented to the principal, whose money he was loaning, that the security was good, is liable, though the principal was in a position to have examined the security.

**Broker.**—The Recovery in Action by Principal Against Broker, for fraudulently representing that the worthless property on which loan was made was good security, is not affected by the question whether he shared the money with, or delivered any part of it to, the pretended borrower.

**Continuance.**—There is No Error in Denying Continuance because of defendant's sickness, there having been a previous continuance on this ground, on stipulation that there should be no further postponement on that ground, and it not appearing that defendant's presence would have been of any avail.

APPEAL from Superior Court, Los Angeles County.

Action by Sarah V. Rubens against Mary N. Mead, executrix. Judgment for plaintiff. Defendant appeals. Affirmed.

W. Rose and C. Edgerton for appellant; W. D. Gould and J. D. Pope for respondent.

HARRISON, J.—The defendant's testator, Alexander J. Mead, was engaged in the business of loaning money upon real estate security for others who might intrust such business to him, and advising them in reference thereto, and was employed by the plaintiff for that purpose. Under his advice, and upon his representations as to the value and condition of the land offered as security, the plaintiff made certain loans of money, for which he took in her name the promissory notes and mortgages of the borrowers. The land so offered was of no value, and the loans were not repaid. The plaintiff brought this action to recover the amount of money so loaned, upon the ground, as alleged in her complaint, that, at the time the loans were made, Mead knew that the land was worthless, and that the representations made by him and his advice to her were made and given with the intention and purpose on his part to defraud her of the money. The court found that the allegations of the complaint were true, and rendered judgment in favor of the plaintiff, from which the defendant has appealed, upon the ground that the decision is not sustained by the evidence.

We are of the opinion that there was sufficient evidence before the court to sustain its decision. The appellant questions its sufficiency only in reference to one of the loans—the one made to Harris—and urges that the statements of Mead were only matters of opinion, and that, as the plaintiff had full opportunity to test their correctness by examining the land for herself, she could not hold him liable for any erroneous opinion. Mead, however, was the agent of the plaintiff, and was not dealing with her as a contracting party, and the rules applicable to statements made by a vendor of the quality of the article offered by him have no application. The plaintiff was entitled to rely upon the statements of Mead. He was bound to act with the utmost good faith toward her, and is not at liberty to say that she would not have been defrauded if she had been more vigilant, and had been suspicious of his good faith. It was sufficiently shown that the land was worthless, and the evidence justified the court in finding that Mead knew this fact, and fraudulently represented to the plaintiff that it was a good security for the loan. When he visited **her**

for the purpose of inducing her to make the loan, he told her that the security was thoroughly good, and that he knew it was. It is true that he had previously told the plaintiff's daughter that he had not seen the land; but he also told her that he had himself owned the land, and had just sold it to Harris, and that he considered it a desirable loan. Harris said to her that he was unable to show her the land, but referred her to one Gardemeyer, who appears to have had relations with Mead in some respect. Mead did not pretend to have much knowledge of Harris—only that he thought him a straightforward business man—but impressed upon the plaintiff that the security of the land was all that she needed to be concerned about.

As the cause of action against Mead is not for the money which he received from the plaintiff, but for fraudulently inducing her to part with it, it is immaterial whether he shared it with Harris, or delivered it all to him. He stated that he had "just sold" the land to Harris, and manifested to the plaintiff a great desire that she should make the loan; and, as the money was loaned to Harris through him, it was presumptively delivered to him as a part of the scheme to defraud the plaintiff. Harris made no appearance after the loan had been made, and could not be found by the plaintiff.

The court did not err in refusing to grant a continuance on the ground of the defendant's illness. The cause had been once continued upon this ground, upon the stipulation that no further request for a postponement on that ground should be made; and it was not shown that her presence would be of any avail or that she knew of any fact bearing upon the case. The judgment and order are affirmed.

We concur: Garoutte, J.; Van Fleet, J.